**ISBRANDTSEN COMPANY, Inc., Libellant,**

v.

**Henry P. LENAGHAN and Henry P. Lenaghan & Sons, Limited, Respondents.**

United States District Court, S. D. New York.

May 24, 1954.

6. 44 Stat. 1394.

7. Now 35 U.S.C. § 146.

Lord, Day & Lord, New York City, John W. Castles, New York City, of counsel, for libellant.

Nelson, Healy, Baillie & Burke, New York City, Nicholas J. Healy, 3rd, New York City, of counsel, for respondent Henry P. Lenaghan & Sons, Limited, appearing specially.

CONGER, District Judge.

Motion by Henry P. Lenaghan & Sons, Ltd. to vacate the attachment of the m. v. Dundalk Bay pursuant to Local Admiralty Rule 21.

Libellant has sued Henry P. Lenaghan and Henry P. Lenaghan & Sons, Ltd., in a maritime cause arising out of a contract. Libellant claims that respondents have breached the terms of a charter to libellant of the m. s. Empire Glencoe and libellant is, therefore, claiming damage to the extent of over $190,000.

The individual respondent is a nonresident, being a citizen of Northern Ireland and the corporate respondent is a foreign corporation organized under the laws of the United Kingdom of Great Britain and Northern Ireland.

Recently, libellant, through the U. S. Marshal of this District, attached the m. v. Dundalk Bay and the motorship is now in his custody purportedly by virtue of foreign attachment against the property of the respondents.

It is undisputed that the Dundalk Bay is owned by the respondent Henry P. Lenaghan & Sons, Ltd.

It is clear from the documentary proof submitted that the m. s. Empire Glencoe is owned by the British Ministry of Transport and is under bareboat charter to respondent Henry P. Lenaghan.

Libellant contends that Rule 2 of the Supreme Court Admiralty Rules, which defines circumstances under which process of foreign attachment will issue, governs and controls here; that respondent's remedy, if it wishes the vessel released at this stage of the proceeding, is to post security, in accord with the provisions of said Rule 2.

This argument disregards the summary procedure provided for in Rule 21 of Admiralty Rules for this District.

Libellant, however, does admit that the provision of Rule 21 might apply if there was a question as to the ownership of the Dundalk Bay, the vessel attached. I think this is too narrow an interpretation of the Rule. I feel a showing of "improper practice or manifest want of equity" would include a situation where the owner of the vessel attached was not a party to the contract, a breach of which gave cause to the claim for damage.

In all, there have been four charters to Isbrandtsen of the Empire Glencoe. Three were as follows: (a) one dated January 13, 1949, (b) one dated May 24, 1949 and (c) one dated December 3, 1949.

In all of the above charters Henry P. Lenaghan was designated the owner and the documents in each case were signed for and on behalf of the individual Henry P. Lenaghan.

The last one and the one claimed by libellant to be the one here controlling is dated December 11, 1950.

The last charter was a time charter on the New York Produce Exchange Form and purported to be made between "Henry P. Lenaghan & Son, Managers for Owners of the good British Motorship Empire Glencoe" and was signed as follows: "For and on behalf of Henry P. Lenaghan & Sons, Ltd. Henry P. Lenaghan, Director."

It is undisputed that libellant never executed this charter party, having objected to certain clauses added by the respondent Lenaghan or respondents.

It must be concluded, therefore, that the relationship of the parties continued pursuant to the cable exchange which extended the agreement of December 3, 1949 except for certain rate changes.

The various documents offered by libellant in support of the attachment suggest no more than the notion that Henry P. Lenaghan & Sons, Ltd., was manager for the owners. The fact that the company, rather than the individual, dealt with the libellant with respect to credits and other business does not support the claim that the company owned the Empire Glencoe. And I find no authority for imposing obligations upon a manager for defaults of an owner. It is generally understood that a "manager" is an agent. 2 Bouvier's Law Dictionary, Rawle's Third Revision, p. 2073; 55 C.J.S., Manager, page 3. It goes without saying that an agent is not obligated in contract where his principal is disclosed. It is clear that libellant knew from the charter parties prior to the cable exchanges who owned the Empire Glencoe.

In the absence of a claim and/or showing that Lenaghan and his company were indistinguishable, I can come to no other conclusion than that Henry P. Lenaghan & Sons, Ltd., was not a party to the charter out of which the grievance arose and that, therefore, libellant had no right to attach its vessel.

The respondent may settle an order vacating the attachment.